Howard GADDIS, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A–15241.

Court of Criminal Appeals of Oklahoma.

May 28, 1969.

E. Melvin Porter, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION AND ORDER

BUSSEY, Judge.

This is an original proceeding in which the Petitioner, Howard Gaddis, seeks his release from confinement in the State Penitentiary where he is currently incarcerated under sentence of death by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County, Case No. 32755. Petitioner further requests that an evidentiary hearing be conducted to determine whether or not the jurors selected to try him were a representative cross-section of the community. Petitioner alleges that prospective jurors were excused by the State merely because they voiced general objections to the death penalty, contrary to the decision rendered by the Supreme Court of the United States in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.

This same argument was urged by the petitioner in his Petition for Rehearing filed in this Court on the 1st day of November, 1968. In denying the Petition for Rehearing, this Court entered the following Order:

"NOW ON THIS 27th day of November, 1968, this Court having carefully considered the Petition for Rehearing filed by the Plaintiff in Error herein, and the request to intervene as *amicus curiae* filed by other parties, and the Court after carefully examining the record finds that all matters attempted to be raised have been dealt with directly or were not excepted to in the trial court, preserved in the record and the Plaintiff in Error's Motion for New Trial, or presented to this Court in the original Petition in Error filed in this case. These alleged errors not being properly preserved in the record present nothing for review on appeal, and we must accordingly deny the Petition for Rehearing.

We are supported in our conclusion by virtue of the fact that the judgment and sentence was rendered on the 24th day of May, 1967, an application for post conviction review was filed on December 1, 1967, and granted on December 19, 1967. Thereafter, on the 5th day of January, 1968, the appeal was filed in this Court and although a period of seventeen months elapsed between the time of rendition of judgment and sentence in the trial court and the delivery of this Court's opinion on the 16th day of October, 1968, no written request was ever made to amend the record nor was a written request ever made for an evidentiary hearing, until after the rendition of said opinion.

IT IS THEREFORE THE ORDER OF THIS COURT that the Petition for Rehearing be, and the same is hereby, DENIED.

WITNESS OUR HANDS and the seal of this Court, this 27th day of November, 1968.

/s/ Kirksey Nix
KIRKSEY NIX,
PRESIDING JUDGE

/s/ Hez J. Bussey
HEZ J. BUSSEY,
JUDGE

/s/ Tom Brett
TOM BRETT,
JUDGE

ATTEST:

_____
CLERK

APPROVED IN CONFERENCE this 27th day of November, 1968."

■ Under the statutes of the State of Oklahoma, in force at the time of Petitioner's trial, the voir dire examination of the jury, together with any objections interposed, in the impaneling of the same, could have been preserved in the record by a timely request, either at the time of impaneling the jury, or at any time prior to the hearing on the Motion for New Trial. There is not one scintilla of evidence before this Court, nor is it alleged in the Petitioner's present application, that any objection was made at the time of the impaneling of the jury. As set forth in our previous Order, supra, it is readily apparent that this issue was never raised in the trial court, but presented for the first time in the Petition for Rehearing filed on the 1st day of November, 1968. We follow the rule that this Court will not consider issues not presented to the trial court, preserved in the record, argued in the Motion for New Trial, or urged in the brief on appeal. We are of the opinion, and therefore hold, that the Petitioner's application for an evidentiary hearing should be, and the same is hereby, denied.

The petitioner's second allegation has been fully and completely dealt with in our original opinion, Gaddis v. State, 447 P.2d 42, and we deem it unnecessary to further discuss it.

■ As this third and last assignment of error, the Petitioner urges that the punishment imposed is cruel and unusual, and in violation of the equal protection clause of the 14th Amendment in that "white" persons who are convicted for the same offense, committed under similar circumstances, are not sentenced to suffer the punishment of death. This argument is refuted by our decision in Koonce v. State, Okl.Cr., 456 P.2d 549, decided May 21, 1969, wherein this Court upheld the judgment and sentence assessing the death penalty for a murder conviction arising out of strikingly similar circumstances.

For all of the reasons above set forth, Petitioner's application for an evidentiary hearing and his request for Habeas Corpus, is hereby denied, and the Order Staying Execution of the Judgment and Sentence, heretofore rendered, is dissolved.

The date originally set for the execution of the petitioner, Howard Gaddis, having passed, it is ordered, adjudged, and decreed by this court that the judgment and sentence of the District Court of Oklahoma County, Case No. 32755, be carried out by the electrocution of Howard Gaddis, by the Warden of the State Penitentiary at McAlester, Oklahoma, on Friday, August 22, 1969.

BRETT, P. J., and NIX, J., concur.